**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Paul Toomey, Nanette Langone, and Randall May on behalf of the Estate of Martin May, individually and as representatives of a class of similarly situated persons, and on behalf of the Demoulas (Restated) Profit Sharing Plan and Trust,<br><br>Plaintiffs,<br><br>v.<br><br>Demoulas Super Markets, Inc., Arthur T. Demoulas, William F. Marsden, William J. Shea,<br><br>Defendants. | Case No. 1:19-cv-11633-LTS<br><br>**[PROPOSED] ORDER ON PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

This Action arose out of claims involving alleged breaches of fiduciary duty in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, against Demoulas Super Markets, Inc. ("DSM"), Arthur T. Demoulas, William F. Marsden, and William J. Shea (collectively, "Defendants").

Presented to the Court for preliminary approval is a settlement of the Action as against all Defendants. The terms of the Settlement are set out in a Class Action Settlement Agreement dated November 20, 2020 (the "Settlement Agreement"), executed by the Settling Parties' respective counsel.  Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as ascribed to them in the Settlement Agreement.

Upon reviewing the Settlement Agreement and the motion papers submitted in connection with the Motion for Preliminary Approval, and good cause appearing therefore,

**It is hereby ORDERED as follows:**

    **1.**    **Preliminary Findings Regarding Proposed Settlement:** The Court preliminarily finds that:

A. The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

B. The Settlement was negotiated only after Class Counsel had conducted discovery and received pertinent information and documents from Defendants;

C. Class Counsel and the Class Representatives have submitted declarations in support of the Settlement; and

D. Considering the relevant First Circuit factors, the Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2. **Fairness Hearing:** A hearing (the "Fairness Hearing") will be held on [a date no sooner than one hundred thirty (130) calendar days after the date the Preliminary Order is filed] April 7, 2021, at 3:00 pm., in Courtroom ____ of the United States District Court for the District of Massachusetts, before the undersigned District Judge, to determine, among other issues:

A. Whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate;

B. Whether the Court should enter the Final Approval Order; and

C. Whether the Court should approve any motion for Attorneys' Fees, Costs, Administrative Expenses, and Class Representatives' Compensation.

3. **Settlement Administrator:** The Court approves and orders that Analytics Consulting LLC shall be the Settlement Administrator responsible for carrying out the responsibilities set forth in the Settlement Agreement.

4. **Class Certification:** Solely for settlement purposes, the Court finds that each element required for certification of the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure has been met: (a) the members of the Class are so numerous that their joinder in the

Action is impracticable; (b) there are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual members of the Class; (c) Plaintiffs' claims are typical of the claims of the Class; and (d) Plaintiffs and Class Counsel have fairly and adequately represented and protected the interests of the Settlement Class. Solely for settlement purposes, the Court further finds that the requirements of Rule 23(b)(1) have been met. Prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications as to individual Settlement Class Member(s) that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action, and adjudications with respect to individual Class members, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

**5.** The following Settlement Class is preliminarily certified for settlement purposes pursuant to Fed. R. Civ. P. 23(b)(1):

> All participants and beneficiaries of the Demoulas (Restated) Profit Sharing Plan and Trust at any time from July 30, 2013 through November 20, 2020, excluding Defendants, the Plan's Trustees, or any other employees with responsibility for the Plan's investment or administrative functions, and members of Defendants' Board of Directors.

The Court appoints Nichols Kaster, PLLP and Block & Leviton LLP as counsel for the Settlement Class. Further, the Court appoints Paul Toomey, Nanette Langone, and Randall May as Class Representatives for the Settlement Class.

**6.** **Class Notice**: The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to Class Members ("Settlement Notices") and the proposed Former Participant Rollover Form to Former Participants.

    A. The Court approves the proposed forms and finds that the proposed forms

and content therein fairly and adequately:

      i.      Summarize the claims asserted;

      ii.     Describe the terms and effect of the Settlement;

      iii.    Notify the Settlement Class that Class Counsel will seek compensation from the Qualified Settlement Fund for Attorneys' Fees, Costs, Administrative Expenses, and Class Representatives' Compensation;

      iv.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

      v.     Describe how the recipients of the Class Notice may object to the Settlement, or any requested Attorneys' Fees, Costs, Administrative Expenses, or Class Representatives' Compensation.

      B.     The Settlement Administrator shall send by first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Rollover Form to each Former Participant within forty-two (42) calendar days of the date of this Order, as specified in the Settlement Agreement.  Former participants must submit a Former Participant Rollover Form to the Settlement Administrator postmarked by no later than ten (10) calendar days before the Fairness Hearing in order to receive their distribution in the form of a rollover pursuant to the Plan of Allocation.

      C.     On or before the date that notice is sent to the Settlement Class, the Settlement Administrator shall establish a Settlement Website and telephone support line as provided by the Settlement Agreement.

      D.     Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure,

the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best notice practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23 and applicable law.

6. **Preliminary Injunction:** Each Class Member and his or her respective heirs, beneficiaries, executors, administrators, estates, past and present partners, agents, attorneys, predecessors, successors, and assigns, is preliminarily enjoined from suing Defendants, the Plan, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Action and the Released Claims. Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plan.

7. **Objections to Settlement**: Any objections to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, or to the proposed Attorneys' Fees, Costs, Administrative Expenses, or Class Representatives' Compensation, shall be considered by the Court at the Fairness Hearing, if they have been timely sent to Class Counsel and Defendants' counsel.  To be timely, the objection and any supporting documents must be sent to Class Counsel and Defendants' counsel at least twenty-eight (28) calendar days prior to the scheduled Fairness Hearing.

8. **Responses to Objections and Final Approval Motion**: Any party may file a response to an objection by a Class Member at least fourteen (14) calendar days before the Fairness

Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) calendar days before the Fairness Hearing.

9. **Continuance of Hearing:** The Court may adjourn, modify, or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel. In such event, notice of the same shall be provided through the Settlement Website.

**IT IS SO ORDERED.**

Dated: _____

_____
Hon. Leo T. Sorokin
United States District Judge